UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CRAIG MILLS** | : | Case No. 3:23 CV 280 |
| **702 Buckskin Trail** | : | |
| **Xenia, Ohio 45385** | : | Judge |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| **MATTHEW CVITKOVICH** | : | |
| **individually and in his official capacity** | : | |
| **as an employee of City of Xenia Police** | : | |
| **City of Xenia Police Department** | : | |
| **c/o Xenia Police Department** | : | |
| **101 N. Detroit Street** | : | |
| **Xenia, Ohio 45385** | : | |
| | : | |
| and | : | |
| | : | |
| **CHIEF OF POLICE CHRIS STUTES** | : | |
| **individually and in his official capacity** | : | |
| **as an employee of City of Xenia Police** | : | |
| **City of Xenia Police Department** | : | |
| **c/o Xenia Police Department** | : | |
| **101 N. Detroit Street** | : | |
| **Xenia, Ohio 45385** | : | |
| | : | |
| and | : | |
| | : | |
| **SHERIFF SCOTT ANGER** | : | |
| **individually and in his official capacity** | : | |
| **as an employee and Sheriff of** | : | |
| **Greene County** | : | |
| **Greene County Sheriff's Office** | : | |
| **120 E. Main Street** | : | |
| **Xenia, Ohio 45385** | : | |
| | : | |
| and | : | |

|  |  |
|---|---|
| **DEPUTY SHERIFF JAMES HUGHES** individually and in his official capacity as an employee and Sheriff of c/o Greene County Sheriff's Office and City of Xenia, Ohio 120 E. Main Street Xenia, Ohio 45385 | : : : : : : : : : |
| and | : : |
| **GREENE COUNTY, OHIO BOARD OF COMMISSIONERS** individually and in their official capacity 35 Greene Street Xenia, Ohio 45385 | : : : : : : |
| and | : : |
| **JOHN AND JANE DOES 1 - 10** c/o Greene County Sheriff's Office and City of Xenia, Ohio 120 E. Main Street Xenia, Ohio 45385 | : : : : : : |
| **Defendants.** | : : : |

## I. PRELIMINARY STATEMENT

1. This civil rights action challenges the gratuitous, excessive, and objectively unreasonable force used against Craig Mills.

## II. JURISDICTION

2. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§1331, 1343 (3) and (4).

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4. Venue is proper.

## III. THE PARTIES

5. Plaintiff, Craig Mills, is a resident of Greene County, Ohio and a citizen of the State of Ohio.

6. Defendant Matthew Cvitkovich is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the City of Xenia Police Department and acting under color of law. He is sued in his individual and official capacities.

7. Defendant James Hughes is a "person under 42 USC § 1983 and was at all times relevant to this action employed by the Greene County Sheriff's Department as a deputy and acting under color of law. He is sued in his individual and official capacities.

8. Defendant Scott Anger, Sheriff of Greene County, Ohio is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Greene County Sheriff's Department as Sheriff and was responsible for supervising activities and subsequently ratified the conduct and activities of Deputy Hughes, and acting under color of law. He is sued in his individual and official capacities.

9. Greene County is a unit of local government organized under the laws of the State of Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. The Board is sued in its official capacity.

10. Defendants John and Jane Does were persons under 42 U.S.C. § 1983 who were employed by the Greene County Sheriff's Department and/or Xenia Police Department including Deputy Hughes and Officer Cvitkovich and who were acting under color of law. They are each sued in his/her individual and official capacity.

11. City of Xenia is a local government organized under the laws of the State of Ohio. Defendant is a person under 42 U.S.C. §1983 at all times relevant to the Complaint and

acted under the color of law.

### IV. FACTS

12. Craig Mills is a 56 year old man, and an employee of the City of Xenia.

13. On or about October 1, 2022, Mr. Mills was incapacitated in his vehicle due to medical emergency issues.

14. Mr. Mills was stopped in the roadway in the area of N. Columbus Street and Lexington Avenue in Xenia, Ohio.

15. Mr. Mills was slumped over the wheel of the vehicle, unconscious.

16. Defendant Cvitkovich arrived to the scene first. He spoke to the Defendant who had regained consciousness.

17. Mr. Mills was having difficulty speaking and Defendant Cvitkovich came to the conclusion he was intoxicated.

18. Defendant Cvitkovich opened the door and ordered Mr. Mills to get out.

19. Mr. Mills made several attempts to pull himself to the door but was unable to do so.

20. Defendant Cvitkovich grabbed Mr. Mills to forcefully get him out of the vehicle. When unsuccessful, Defendant Cvitkovich then began to repeatedly tase the Plaintiff.

21. Defendant Cvitkovich sprayed the Plaintiff in the face with pepper spray and pulled him out of the vehicle.

22. Greene County Deputies then assisted Defendant Cvitkovich in the handcuffing and arrest of the Plaintiff.

23. During the handcuffing of the Plaintiff, Defendant Hughes placed his knee on the Plaintiff's back and his hands on the Plaintiff's neck causing the Plaintiff to have difficulty breathing and Mr. Mill's face was turning blue.

24. Because the Plaintiff's face was blue, Defendant Cvitkovich asked that Narcan be administered to the Plaintiff. A Greene County Deputy then administered one dose of Narcan to the Plaintiff. The Plaintiff was not suffering from any drug related issues.

25. Mr. Mills was transported to the hospital due to his medical issues and his treatment by the Xenia Police Department and Greene County Sheriff's Office.

26. Mr. Mills was released from the hospital and charged with OVI which ultimately was dismissed.

## V. FIRST CAUSE OF ACTION - CLAIM FOR EXCESSIVE FORCE §1983

27. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

28. Defendants Cvitkovich and Hughes were carrying out a governmental function in employing the excessive use of force resulting in the injury to Mr. Mills.

29. Mr. Mills posed no threat to the Defendant, but was tased and pepper sprayed multiple times by Defendant Cvitkovich. A knee was applied to Mr. Mills back and hands on Mr. Mills' neck by Defendant Hughes cutting off Mr. Mill's air. The actions taken by Defendants Cvitkovich and Hughes were excessive and objectively unreasonably under clearly established law.

30. The Defendants have, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free of seizures without probable cause and to be free of excessive force. As a direct and proximate result, Mr. Mills suffered substantial injuries.

## VI. SECOND CAUSE OF ACTION - ASSAULT AND BATTERY

31. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

32. Defendants Cvitkovich and Hughes intentionally and without privilege to do so physically and with chemicals assaulted Mr. Mills causing him substantial harm.

### VII. THIRD CAUSE OF ACTION-MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983 AND THE FOURTH AMENDMENT

33. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

34. At all relevant times mentioned herein, Greene County employed Defendant Hughes and City of Xenia Police Department employed Defendant Cvitkovich. Greene County Sheriff and Xenia Police Department provided these employees with official badges, identification, and uniforms, which designated and described them as Greene County Sheriff's deputy employees and Xenia Police Department.

35. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Greene County and the City of Xenia are liable for all injuries sustained by Craig Mills.

36. The policies, practices and/or customs of the Greene County Sheriff's Department and Xenia Police Department were the moving force behind the excessive force used to cause Mr. Mills injuries.

37. Despite the facts and circumstances surrounding the excessive force used by their employees, upon information and belief, Defendants Greene County and City of Xenia have failed to meaningfully investigate the excessive use of force, impose any discipline on Defendants Cvitkovich and Hughes and Does, and thereby ratified the actions of these

Defendants.

38. Additionally, Greene County through the Sheriff's Department under the control and leadership of Scott Anger and Xenia Police Department maintained or permitted one or more of the following official policies, customs, or practices which included, *inter alia*, deliberately indifferent to the constitutional rights of persons involved in a medical emergency to be free from unreasonable force:

   a. Failure to provide adequate training and supervision to Sheriff's deputies and Xenia Police with respect to constitutional limits on use of force;

   b. Failure to adequately discipline or retrain officers involved in misconduct;

   c. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

   d. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint;

   e. Law Enforcement Code of Silence; and/or

   f. Failure to properly and meaningfully investigate the injury to civilians during arrest.

39. These policies, practices, actions, and customs were the moving force behind, *inter alia*, the unreasonable assault of Mr. Mills and together were the direct and proximate cause of the unconstitutional acts committed in this case and the injuries by Mr. Mills.

## VIII.  MALICIOUS PROSECUTION

40. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

41. The City of Xenia prosecuted Mr. Mills on a charge of OVI with full knowledge that Mr. Mills had no alcohol in his system and was experiencing a medical emergency. There was no probable cause for the OVI charge to be filed or pursued.

42. After special prosecutor and Visiting Judge were appointed to the case, the charges against Mr. Mills were dismissed.

43. As a direct and proximate result of the malicious prosecution, Mr. Mills was forced to spend attorney fees and suffered damages to be determined at Trial.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court to award him

    A. Compensatory damages in an amount greater than One Hundred Fifty Thousand Dollars ($150,000.00);

    B. Punitive damages in an amount to be shown at trial;

    C. Reasonable attorney fees;

    D. Prejudgment interest;

    E. Costs incurred in this action;

    F. Such other and further relief as the Court may deem just and proper.

Respectfully submitted;

/s/Dennis A. Lieberman
Dennis A. Lieberman (0029460)
Flanagan, Lieberman & Rambo
10 North Ludlow Street, Suite 200
Dayton, Ohio 45402
937-223-5200
937-223-3335 Facsimile
lieberman@flrlegal.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

/s/Dennis A. Lieberman
Dennis A. Lieberman (0029460)