UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CRAIG MILLS, : | |
| : | |
| Plaintiff, : | Case No. 3:23-cv-280 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| MATTHEW CVITKOVICH, *et al.*, : | |
| : | |
| Defendants. : | |

**ENTRY AND ORDER ON STIPULATION OF DISMISSAL WITHOUT
PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
41(a)(1) (DOC. NO. 26)**

Presently before the Court is the Stipulation of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(A)(1) ("Stipulation") (Doc. No. 26). The Stipulation purports to dismiss without prejudice, Defendant Sheriff Scott Anger, Defendant Deputy Sheriff James Hughes, and Defendant Greene County, Ohio Board of County Commissioners ("Defendants"). (*Id.*)

The Parties voluntary dismissal under Fed. R. Civ. P. 41(A)(1) is flawed because Rule 41 may only be used to dismiss an entire action, not individual defendants. *English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2024 U.S. Dist. LEXIS 134657, at *1-2, 2024 WL 3581052 (S.D. Ohio July 30, 2024); *Bernard v. City of Cleveland*, No. 1:21-cv-1103, 2022 U.S. Dist. LEXIS 171048, at *3, 2022 WL 4367655 (N.D. Ohio Sep. 21, 2022). The Sixth Circuit has held, "Rule 41(a)(1) provides for the voluntary dismissal of an action not a claim; the word 'action' as used in the Rules denotes the entire controversy, whereas claim refers to what has traditionally been termed cause of action." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)

(quotations and citation omitted). "A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21." *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 U.S. Dist. LEXIS 105098, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785).

Under Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "The decision to drop a party is within the discretion of the court." *Grant v. David's Constr.*, 2023 WL 5673681, at *1 (M.D. Tenn. Auf. 31, 2023) (citing *Carden v. Klucznik*, 775 F. Supp. 2d 247, 251 (D. Mass. 2011)). "When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Murray Enery Corp. v. Cassidy, Cogan, Chappel, and Voegelin L.C.*, No. 2:18-cv-440, 2020 WL 4201666, at *2 (S.D. Ohio July. 22, 2020) (citing *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, at *2-3, 2017 U.S. Dist. LEXIS 12305, at *2 (E.D. Tenn. Jan. 30, 2017)). The purpose of this prejudice analysis is "to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Wilkerson*, 2017 WL 401212, at *2-3, 2017 U.S. Dist. LEXIS 12305, at *2 (quoting *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10-cv-581, 2:10-cv-764, 2012 WL 139219, at *2, 2012 U.S. Dist. LEXIS 5626, at *2 (S.D. Ohio Jan. 18, 2012) (discussing the prejudice analysis under Rule 41)).

The Rule 41(a)(2) factors that a court considers in evaluating prejudice include: (1) the amount of time, effort, and expense the defendants have incurred in trial preparation; (2) any excessive delay and lack of diligence by the plaintiffs in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether defendants have filed a motion for summary judgment. *Powell v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-979, 2008 WL 2872273, at *3, 2008

U.S. Dist. LEXIS 56991, at *9–10 (S.D. Ohio July 22, 2008) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

The Court finds these factors weigh in favor of dismissing the Defendants. The Parties have recently concluded discovery and trial is over six months away, thus the Court concludes that there has not been a lack of diligence on Plaintiff's behalf, or an excessive amount of time spent in trial preparation. Moreover, the Defendants at issue in the Stipulation have not filed a motion for summary judgment. While the explanation for dismissal is not mentioned in the Stipulation, the Court finds that the Rule 41(a)(2) factors weigh in favor of dismissal.

Pursuant to Fed. R. Civ. P. 21, Defendant Sheriff Scott Anger, Defendant Deputy Sheriff James Hughes, and Defendant Greene County, Ohio Board of County Commissioners are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 9, 2024.

                                                                                 s/Thomas M. Rose

                                                                   THOMAS M. ROSE
                                                  UNITED STATES DISTRICT JUDGE